# 𝔇𝔢𝔠𝔦𝔰𝔦𝔬𝔫𝔰 𝔬𝔣 𝔱𝔥𝔢 𝔖𝔲𝔭𝔯𝔢𝔪𝔢 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔐𝔦𝔰𝔰𝔬𝔲𝔯𝔦,

## ST. LOUIS DISTRICT, NOVEMBER TERM, 1828.

### M'NAIR AND OTHERS v. 'LANE.

1. The Supreme Court may award execution, to carry into effect their decisions.
2. It is no variance from the judgment, for the Clerk to blend in the execution, the interest, damages, and costs. (Note *a.*)
3. Under a proceeding by attachment, the plaintiff may dispense with bail, on the appearance of the defendant.

### ERROR to St. Louis Circuit Court.

TOMPKINS, J., delivered the opinion of the Court.*

This was an action of ejectment, commenced in the St. Louis Circuit Court, by the defendant in error, for the recovery of a house and lot, situate in the city of St. Louis.

Upon the trial in the Court below, the plaintiff produced a witness to prove that the defendants claimed title to the premises in question under a certain William Schlater. The plaintiff then produced and gave in evidence the record of a judgment in favor of Theodore Hunt, against said William Schlater, and of the execution issued thereon, and of its return. By this record it appears that Hunt commenced an action against Schlatter by attachment.

It was agreed by both parties, that the defendant might appear and plead, without giving bail, and that the attachment should not be dissolved. Schlater, the defendant, accordingly appeared and pleaded; and on the plea of the non-assumpsit, a verdict was found, on which a judgment was rendered against him.

This case being brought into this Court by a writ of error, this Court affirmed the judgment of the Circuit Court; and an execution, on the judgment here given against

---

* Absent, Judge Wash.

M'Nair and others *v.* Lane.

(58) Schlater, was issued against his goods, &c., generally. The defendants in the case now before the Court, offered in evidence a copy of a deed executed by Schlater to some of the defendants, which was rejected by the Circuit Court, because the reasons for the absence of the original were thought insufficient. Judgment was given for the plaintiff, to which the defendants, now plaintiffs in error, wish to reverse, and assign for error : —

First. That the Circuit Court admitted the record of the Supreme Court, in the case of Hunt *v.* Schlater, to be read in evidence.

Second. That Clemens, a witness, was admitted to prove the title of the plaintiffs in error, under Schlater.

Third. That the Circuit Court refused to permit to be read in evidence the copy of the deed from Schlater to the defendants.

Fourth. That the Circuit Court refused instructions prayed for by the defendants.

Fifth. That the Circuit Court admitted in evidence, the deed of the Sheriff to the plaintiff, defendant in error here.

On the first error assigned, it is contended that,—

First. That the judgment rendered by this Court, in the case of Hunt *v.* Schlater, was void, because the judgment in the Circuit Court remained in full force, unaffected by the writ of error, and upon that writ the Court had no further jurisdiction of the cause than is given by the statute. By 50th section of the law regulating " proceedings at law," the Court is required to examine the record and to award a new trial, reverse or affirm the judgment or decision of the Circuit Court, or to give such judgment as the Circuit Court ought to have given, as to them may seem according to law. This Court, it is contended, has only an authority to give judgment in cases where the judgment of the Circuit Court is erroneous, but where that judgment is affirmed and in force, the Circuit Court alone can grant execution of its own judgment. By the 52d section of the same law, it is provided " that in all cases of appeal on writs of error, decided by the Supreme Court, the Supreme Court may order the record in the cause, with the decision and determination thereon written, &c., to be transmitted to the proper Circuit Court, &c., and such decision and determination shall be duly carried into execution by such Circuit Court, or the Supreme Court may award execution to carry the said decision and determination into effect."

By the last cited section, ample powers seem to be given to this Court, and not (59) without reason. The execution, too, a link in the chain of the title of the defendant in error, as necessary as the Sheriff's deed, it is contended, varies from the judgment so materially that it cannot be said to have issued on that judgment.

The judgment is for $1791 72 damages adjudged by the Circuit Court, with interest thereon amounting to $52 28, and $89 58 for further damages sustained by reason of the said debt, (meaning the sum adjudged by the Circuit Court,) together with costs. The execution is for the same sum adjudged by the Circuit Court, for $141 86, for his further damages and interest by reason of the detention of the said debt, and $57 71 for his costs. We think this is no variance. The Clerk has used a discretion in adding together the damages and interest allowed in the judgment; had he made a mistake it might have been corrected, but none is made ; he has also very properly ascertained the amount of costs, and inserted them separately in the execution. The law allows him to ascertain the amount of costs and to add them to the damages, for the purpose of making out an execution, which is conceived to be a greater liberty than he has here taken. The form of the execution given in the act

is: "Whereas, A. B., &c., hath recovered against C. D. for debt or damages, (as the case may be,) and also the sum of ———, which to the said A. B. were adjudged for his damages, as well by reason, &c., as for his costs in that suit expended, &c." In the case before the Court, the Clerk has even been more exact than he was required by the law; he has indeed added together two sums ascertained by the Court, but he has not blended the amount of the costs with that of the damages and interest, as he well might have done, consistently with the form here given in the statute, for it has not been pretended that the law requires the Court to tax the costs before judgment is rendered.

It is also contended that the execution is void, because the attachment, by agreement of parties, remaining undissolved, execution could go only against the property attached: to this it is answered, that proceedings by attachment are only allowed against absent and absconding debtors. The plaintiff in the Circuit Court might well dispense with bail on the appearance of the defendant: it is merely personal to him, for had he agreed to take a pauper for bail, the Court could not have objected. Idle then would it be to say, that the Court should have taken bail, notwithstanding the agreement of the parties.

But when the party appears and pleads, it is the law that directs the judgment (60) which is to be given, and not the agreement of the parties.

It was objected also, that the Sheriff's deed did not recite the execution correctly, viz: that it corresponds neither with the execution given in evidence, nor with the judgment.

The execution recited gives the number of cents less than one dollar, in the form of a fraction of dollar, for instance: The sum adjudged by the Circuit Court is thus expressed: one thousand seven hundred and ninety-one dollars and seventy-two cents; and in that recited in the deed, after writing the number of dollars, the number of cents is thus expressed: 72-100 dollars. We think this a distinction without difference.

The other errors assigned appear to us to have been well abandoned, both in the written argument and in that at the bar.

The judgment of the Circuit Court is affirmed.

(*a.*) See Wash *v.* Foster, 3 Mo. R., p. 205.