————o————

EUGENE AYERS, Adm'r of PATRICK HIX, dec'd Appellant, *vs.* ROBERT W. DONNELL, Ex'r of Geo. W. HIX, dec'd, Respondent.

1. *Administrator's estate—General and special statutes of limitation.*—In the absence of any notice of the grant of letters of administration, the general statute of limitation applies, and begins to run in favor of the estate from the date of the letters.

Where notice of the grant of letters has been given, the special statute of three years takes effect, and the failure of such notice does away with that special bar, but not with the general limitation law.

*Appeal from Buchanan Circuit Court.*

*Loan, and Hill & Carter,* for Appellant.

I. The special statute of limitations contained in the administration law controls in this case. (Montelius vs. Sarpy, 11 Mo., 242; Wagn. Stat., 920, § 26.)

II. As no notice of grant of letters testamentary was given, the administration bar in the special statute of limitations does not run. (See authorities cited above, also Wiggins vs.

Lawson's Admr., 9 Mo., 262; Hawkins vs. Redmond, 13 Mo., 125; Bryan vs. Mundy, 17 Mo., 556; Clark vs. Collins, 31 Mo., 260.)

III. The court erred in not permitting plaintiff to introduce evidence tending to prove a state of facts that took the case out of the general statute of limitations. (R. C., 1855, § 8, p. 1052; Rev. Stat., 1845, p. 720, § 8; 2 Wagn. Stat., 920, § 24; Bobb vs. Shipley, 1 Mo., 164; Harper vs. Pope, 9 Mo., 398; Nelson vs. Beveridge, 21 Mo., 22: 2 Pars. Cont., 374, 375, 376; King vs. Lane, 7 Mo., 241; Taggart vs. Indiana, 15 Mo., 209; 14 Mass.; 203; 17 Mass., 180.)

*A. H. Vories, J. Doniphan & H. K. White*, for Respondent.

I. The statute commenced to run in favor of the respondent, from the date of his letters. (McDonald's adm'r vs. Walton, 2 Mo., 48; Polk's adm'r vs. Allen, 19 Mo., 467; McKinzie's adm'r vs. Hill, 51 Mo., 303.)

WAGNER, Judge, delivered the opinion of the court.

This proceeding was originally instituted in the Probate Court, where the judgment was for the defendant, an appeal was then taken to the Circuit Court, where a new trial was had with a like result.

The record shows that in 1839 and 1840, Geo. W. Hix contracted debts and became indebted to Patrick Hix in the State of Virginia; that about that time he absconded from Virginia and went to Texas, and, as is alleged, concealed himself, so that process could not be served upon him. He subsequently came to this State, but at what time is not shown, and died, leaving a last will and testament. In 1853, Donnell, the defendant, was appointed and qualified as his executor.

Ayers, the public administrator, having in charge the effects of Patrick Hix, in 1872, presented the debts contracted in 1839 and 1840 by Geo. W. Hix, for allowance against his estate.

The court decided against the plaintiff on the ground that the claims were barred by the statute of limitation; and this, is the only question in the case.

There was no evidence introduced to show that the executor had given the notice required by the statute of the grant of letters, within the time prescribed by law, and the counsel for appellants have cited authorities from this court to show, that in such a case, the statute does not run. But these cases all refer to the special bar fixed by the statute of three years for the presentation of claims, and which the executor or administrator is authorized to plead where the notice has been given according to law; but they do not apply to a plea of the general statute of limitations. The settled rule is, that the statute of limitations does not run in favor of an estate during the time there is no administration; that it only commences running, from the grant of letters. (McDonald vs. Walton, 2 Mo., 48; Polk vs. Allen, 19 Mo., 467; McKinzie vs. Hill, 51 Mo., 301.)

If the statute commences running in favor of an estate from the grant of letters, there is nothing in this case which we can perceive that will stop or arrest its force. If Hix, the testator, died shortly after he became indebted, absconded and concealed himself, no concealment can be imputed to his executor. The grant of the letters was a notorious act; and ever afterwards, the executor was clothed with authority to be sued, and was liable at all times to be proceeded against for the debts of his testator.

Nineteen years had intervened between the time when the letters were granted and the presentation of the claims for allowance; and we are clearly of the opinion, that they were barred by the general statute of limitations.

The judgment should be affirmed. Judges Adams and Napton concur. Judge Vories did not sit, and Judge Sherwood is absent.