GUSTAVE DOERGE, Plaintiff in Error, v. JACOB D. HEIMENZ, Administrator of JOHN F. HORST, Defendant in Error.

### February 28, 1876.

1. Though, in the absence of notice of the grant of letters, the special statute does not bar a claim against an estate, the general limitation law is a bar independently of notice.

2. The grant of letters is a notorious act, and the administrator is liable to be sued from that date. Where suit has been commenced and the defendant dies, and the action survives, if the suit be not recommenced against the executor or administrator within one year from the grant of letters, and the claim is then barred by the general statute of limitation, it is forever barred.

ERROR to St. Louis Circuit Court.

*Judgment of general term, reversing special term, affirmed and the cause remanded.*

*Gottschalk*, for defendant in error, cited: Wag. Stat. 918, sec. 10; p. 919, sec. 20; p. 1049, secs. 2, 3; p. 1050, sec. 6; Ang. on Lim. (5th ed.) 47, sec. 56; Ayer's Admr. v. Donnell, Exr., 57 Mo. 396; Labeaume v. Hempstead, 1 Mo. 773; Rhodes v. Smethurst, 4 M. & W. 42; McKinzie, Admr. v. Hill, Admr., 51 Mo. 303; Graham v. King, 50 Mo. 22; Seibert v. Allen, 53 Mo. 44.

*Jecko & Hospes*, for plaintiff in error, cited: Montelins v. Sarpe, 11 Mo. 242; Hawkins & Co. v. Ridenhan, 13 Mo. 125; Bryan v. Mundy's Admr., 17 Mo. 556; Graham v. King, 50 Mo. 22; Wag. Stat. 919, 920, sec. 20.

BAKEWELL, J., delivered the opinion of the court.

It appears from the record in this case that plaintiff commenced suit in the Circuit Court of St. Louis county, on February 1, 1869, against J. F. Horst and others, on a cause of action which accrued on January 1, 1867, which came under the clause of the statute barring a recovery after five years. On March 1, 1870, Horst died, and on March 29, 1870, his administrator was appointed.

The administrator failed to publish the notice of grant of letters required by law. On April 17, 1871, the death of Horst was suggested in the proceedings in the Circuit Court, and on February 27, 1872, the cause abated as to Horst. On March 21, 1873, this suit was commenced in the Circuit Court, by plaintiff, against Horst's estate, for the same cause of action sued upon before. It is apparent, from this statement, that at the time of the commencement of this action more than five years had elapsed since the right of action existed, and more than one year since letters of administration had been granted on the estate of Horst. On the trial in the court below, defendant asked the court to instruct the jury that, on the state of facts which are set forth above, plaintiff was not entitled to recover. The court refused so to instruct, and defendant excepted. There was a verdict and judgment for the whole amount claimed. On appeal to general term the judgment of the Circuit Court at special term was reversed.

Plaintiff brings the cause before us by writ of error.

The notice of grant of letters was published, by the administrator, in the German language in a German newspaper. The parties all spoke and read German. Nevertheless, this was not a compliance with the law, and it is as if no notice had been published at all.

The statute of limitations provides (Art. 1, sec. 20) that if any action shall have been commenced within the time prescribed in the preceding sections (in this case within five years), and if the right of action be such as survives (which

was here the case), the plaintiff may commence a new action against the administrator of the defendant within one year after such death ; or, if no executor or administrator be appointed within that time, then within one year after letters testamentary or of administration shall have been granted to them.

In this case the new action was not commenced until the lapse of two years and twenty days after death of the defendant, and two years, less one week, after the grant of letters. At the time of the commencement of the new suit, more than six years and two months had elapsed since the maturity of the claim.

It is settled in this state that, in the absence of notice of grant of letters, the special statute is no bar ; but the general limitation law applies.

Now that law, in this case, ceased to run for the period of twenty-eight days only, during the time which elapsed between death and administration, so that this claim was barred by the general statute at the date of the commencement of this suit. *Ayers* v. *Donnell*, 57 Mo. 396.

Had the present suit been commenced within one year from the grant of letters, the plaintiff might still have had a right to prosecute his suit under section 20, Article 1, of the limitation law quoted above. The statute does not give him one year from the *date of* publication, but one year from the *grant of letters*. "The grant of letters was a notorious act, and ever afterwards the executor was clothed with authority to be sued, and was liable, at all times, to be proceeded against for the debts of his testator." This is the language of Judge Wagner in a similar case. *Ayers* v. *Donnell*, 57 Mo. In the case at bar it is of record that, when the death of defendant was suggested in the first suit, the note handed by counsel to the clerk, and placed and preserved among the papers, under the rule of court, contained a statement that letters had been granted, and gave the name of the administrator. We do not think this

material. We are of opinion that the general statute of limitations was a bar to this action, and that it was so in the absence of any notice, actual or constructive, of the grant of letters. It was properly pleaded by defendant, and it was error to refuse his instruction on this point. The judgment of general term, reversing the action of the Circuit Court at special term, is, therefore, affirmed and the cause remanded. The other judges concur.