GUSTAVE DOERGE, Defendant in Error, v. HENRY HEIMENZ, ADMINISTRATOR, Plaintiff in Error.

**January 27, 1880.**

1. Where, in an action of *assumpsit,* the defendant pleads the Statute of Limitations, and in reply the plaintiff alleges that interest has been paid on the debt within the time of limitation, the case is properly brought on the original promise.

2. The special bar of the administration law operates only where there has been a publication of the grant of letters as required by law; actual notice is insufficient.

ERROR to the St. Louis Circuit Court.

*Affirmed.*

LOUIS GOTTSCHALK, for the plaintiff in error : No cause of action is presented ; the facts alleged show that the claim based thereon is barred by the Statute of Limitations. — *The State to use* v. *Bird,* 22 Mo. 470 ; *Boyd* v. *Christy,* 47 Mo. 70.

JECKO & HOSPES, for the defendant in error.

HAYDEN, J., delivered the opinion of the court.

This case has been here before, and is reported 1 Mo. App. 238. Upon the new trial there was an agreed statement of facts, and from this it appears that the plaintiff lent to the intestate, Horst, and his partner, Brusselbach, sums of money at different times, the last item being of date January 5, 1867 ; that the partners hired the plaintiff, and that he

was in their service from September 5, 1866, to August 5, 1867, at $20 a month; that Brusselbach paid to plaintiff $50 on May 10, 1868, and that Horst paid to the plaintiff, on May 12, 1868, $60 on account of the interest accrued on the demands here sued on, up to that date. The present suit was brought on the twenty-first day of March, 1873.

The objection to the petition is not well taken. The suit is properly brought on the original promise, and not on an implied promise raised by the payment of interest, which payment is properly pleaded in the reply, as a replication to the defendant's plea of the Statute of Limitations. *Carr* v. *Hurlbut*, 41 Mo. 269. Whether the petition was demurrable is not here in question, as the defendant did not demur to the petition, but pleaded the statute, and the case was heard on an agreed statement of facts, which was filed. The administrator of Horst published no legal notice of the grant of letters of administration, and the alleged actual notice to the plaintiff's attorney amounts to nothing. 1 Mo. App. 238. The question arises upon the general limitation of five years.

When the case was here before, the plaintiff apparently relied on the exemption contained in the twentieth section of the Statute of Limitations, which section is construed by the court in the opinion then delivered. Upon the new trial new evidence was introduced, as above given, in regard to the payment of interest, which gives a new aspect to the case. The plaintiff is no longer forced to rely upon the exemption contained in the twentieth section, or to claim that the bringing of the first suit within the five years given by the statute secures to him further time in consequence of the death of Horst before judgment; consequently the argument of the defendant, based upon the facts that Horst died on the 16th of March, 1870, and the present suit was commenced three years after his death, and three years, less eight days, after the grant of letters, has no pertinency. That argument proves that there is no exemption from the

statute by reason of the first suit brought.    But the plain-
tiff need not now claim anything by virtue of the first suit.
His contention is that the payment of interest stopped the
running of the statute ; and on this ground, undoubtedly,
the court below found for the plaintiff.    *Bridgeton* v. *Jones,*
34 Mo. 471.

The instructions asked by the defendant were properly
refused.    There was no actual notice of the grant of letters
brought  home  to  the  plaintiff; and if there  had been,
actual notice is not sufficient.    The administrator, to avail
himself of the bar of two years, must plead and prove that
notice was given of the grant of letters as required by
law.    *Wiggins* v. *Lovering,*  9  Mo.  259 ;  *Stiles* v. *Smith,*
55 Mo. 366.    This bar is special, and depends for its effect
on special provisions of the statute.    See *Ayers* v. *Don-
nell,* 57 Mo. 396.    No other points are made which need
attention.

The judgment is affirmed.    Judge BAKEWELL concurs ;
Judge LEWIS is absent.