MARY L. TAYLOR, Respondent, v. JOHN G. PRIEST, Appellant.

21a 685
31a 275
31a 281

St. Louis Court of Appeals, April 20, 1886.

1. DEEDS—COVENANT OF WARRANTY—DAMAGES—RIGHT OF ACTION.—A breach of a covenant of warranty against incumbrances occurs at the time of the delivery of the deed, but a right of action for substantial damages does not arise until the covenantee is compelled to pay money to protect his title or possession.

2. ———— LIMITATIONS.—The statute of limitations does not begin to run in such a case until the actual payment of money by the covenantee.

3. ———— ADMINISTRATION.—The statute applies only to demands against the estates of deceased persons which are capable of being presented for allowance within two years after the date of the letters of administration, where the statutory notice has been given.

4. ———— That the estate has been fully settled and the lands apportioned. is no defence to an action against the administrator by the decedent's covenantee for a breach of a covenant of warranty against incumbrances.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

W. H. CLOPTON, for the appellant: If the plaintiff is a general creditor she should have presented her claim for allowance in the time prescribed by statute. *Titterington v. Hooker*, 58 Mo. 593. If the plaintiff is a special creditor, and the time for proving claims against the estate has passed, she must proceed against the heirs. And as there are no heirs, the plaintiff can not recover at all. The devisees of Isaac Walker take their shares in the real estate discharged of the special debts of the testator. *Sauer v. Griffin*, 67 Mo. 657.

HITCHCOCK, MADILL & FINKELNBURG, for the re-spondent: The partition of lands among the heirs or devisees before final settlement does not withdraw them from the reach of the administrator, for the payment of debts. Rev. Stat., sect. 146, et seq.; Shaw v. Nicholay, 80 Mo. 107; Carson v. Walker, 16 Mo. 87; Walker v. Deaver, 79 Mo. 673–4. The two years limitation under the administration law has no application to a case of this kind, where the demand did not accrue until after the lapse of two years. Chambers v. Smith, 23 Mo. 174. To the same effect are: Miller v. Woodward, 8 Mo. 169; Benton v. Rutherford, 49 Mo. 258; Finney v. The State, 9 Mo. 227; Sauer v. Griffin, 67 Mo. 654; Garesche v. Lewis, 15 Mo. App. 565, 570; Sturgeon v. Beckwith, cited in Metcalf v. Smith, 40 Mo. 575; Royce v. Burrell, 12 Mass. 395; Tenney v. Lasley, 80 Mo. 664.

THOMPSON, J., delivered the opinion of the court.

This action was brought under section 191, Revised Statutes, to establish in the circuit court a demand against the estate of Isaac Walker, deceased. The de-mand sought to be established is the payment by the plaintiff of two installments of money to a dowress, the same being installments of an annuity charged by a judgment of the St. Louis land court, in 1864, upon land conveyed by the defendant's testator, Isaac Walker, de-ceased, to the plaintiff, in the year 1857, with covenants of warranty. In other words, the action is for damages for the breach of a covenant of warranty against encum-brances. Although such a covenant is technically broken at the time of the delivery of the deed, the substantial cause of action arises when the covenantee is compelled to pay money in order to discharge an encumbrance and prevent an eviction. Until that time, he can recover nominal damages only. That was settled in Walker v. Deaver (79 Mo. 664), which was a decision upon the pre-cise covenant of warranty against encumbrances, which

is the subject of the present action, and which is, therefore, in a peculiar sense, the law of this case.

Such being the nature of this action, the answer interposes two defences : 1. The statute of limitation of two years, contained in the administration law (sect. 185, Rev. Stat.), prescribing the time within which claims must be presented for allowance against estates of deceased persons. 2. The legal impossibility of enforcing the demand, the estate being settled and partition of the realty having been made among the devisees. Neither of these defences is available.

I.   It is well settled that this statute, of limitation applies only to demands which are capable of being presented for allowance within two years of the date of the letters of administration where the statutory notice has been duly published by the administrator. *Chambers v. Smith*, 23 Mo. 174 ; *Tenney v. Lasley*, 80 Mo. 664. The demand in this case could not have been so presented. It did not arise until the payments of the annual installments had actually been made to the dowress by the plaintiff. Until that time, no demand could have arisen from the nature of the case. It was not a case of *debentium in præsenti, solvendum in futuro*, because the liability to pay the successive installments was contingent upon the survival of the dowress. She might die, and then nothing further would be paid. The payment of each installment was in the nature of a fresh eviction, so far as giving a right of action was concerned, and the statute of limitations in such a case runs only from such payment. *White v. Stevens*, 13 Mo. App. 240 ; *Chambers v. Smith*, 23 Mo. 174. As this action is brought within two years of the time of the payment of the first installment, it is well brought.

II.   The second defence presents nothing which is relevant to this action. It suggests nothing which does not relate wholly to the *execution* of the judgment which the plaintiff has recovered. The plaintiff had the right to sue the administrator, and establish this demand in

the circuit court, whether there were any assets available to pay it or not, or whether the lands of the testator in the hands of his devisees could be subjected to it or not.    If A sues B on a meritorious cause of action, is it any defence that B is insolvent and that A will not be able to make his money in case he recovers his judgment?

The judgment of the circuit court will be affirmed. It is so ordered.    All the judges concur.