# CASES DETERMINED

IN THE

# St. Louis and the Kansas City

# COURTS OF APPEALS.

## MARCH TERM, 1887.

R. S. NELSON, ADMINISTRATOR, Appellant, v. DANIEL HAEBERLE, ADMINISTRATOR, Respondent.

### St. Louis Court of Appeals, May 3, 1887.

1. ADMINISTRATION—LIMITATION.—The exceptions in the special statute of limitations, relating to administration, in favor of persons of unsound mind, persons imprisoned, and married women, are exclusive of all others, where the cause of action exists at the date of the decedent's death.

2. ———— If a cause of action exists at the date of the decedent's death, and at the date of the appointment of his administrator, the statute begins, at once, to run in favor of the estate, upon proper notice of administration, unless the cause of action be in favor of one specially excepted from the operation of the statute.

APPEAL from the Greene County Circuit Court, JAMES R. VAUGHAN, Judge.

*Affirmed.*

W. C. PRICE, for the appellant: The statutes of limitation affect remedies, not things or rights in the ab-

stract, and can, therefore, only run against individuals representing those things or rights as owner, bailee, trustee, etc., on account of the laches of such individuals; and inasmuch as an administrator, as such, is trustee of an express trust, the statute can not affect the trust fund he represents, but must operate on him, if for his laches the fund be lost or injured. Rev. Stat., sect. 240; *Miller v. Woodward*, 8 Mo. 176; *Ruby v. Barrett*, 12 Mo. 3; *Ruby v. Chouquette*, 18 Mo. 220, *The State to use v. St. Germains*, 23 Mo. 344; *Taylor v. Priest*, 21 Mo. App. 685; *Fudge v. Durmot*, 51 Mo. 264; *Picot v. Bates*, 39 Mo. 292; *Meriatt v. Meriatt*, 62 Mo. 150; *Smith v. Ricords*, 52 Mo. 581.

C. W. Thrasher, for the respondent. On the admitted facts in this case the appellant's claim was clearly barred by the special statute of limitations of two years, under the administration laws of this state, and the court below committed no error in giving and refusing declarations of law. Rev. Stat., sects. 185, 189; *Montelius v. Sarpy*, 11 Mo. 237; *Richardson v. Harrison*, 36 Mo. 96; *Greenabaum v. Elliott*, 60 Mo. 25; *Pearce v. Calhoun*, 59 Mo. 274; *Milan v. Pemberton*, 12 Mo. 598; *Tynan v. Walker*, 25 Cal. 635, 643; *Demarest v. Wyncoop*, 3 Johns. Ch. 129, and cases there cited.

Rombauer, J., delivered the opinion of the court.

The only question presented by this appeal is, whether the plaintiff's claim is barred by the special statute of limitations of two years, applicable to the exhibition of demands against the estate of decedents.

The defendant's decedent left this state in 1862, and died outside of it in 1865. Letters of administration were granted on his estate, in Greene county, Missouri, on the twenty-second day of July, 1882, to the defendant administrator, of which fact notice was duly published, as required by law, within thirty days thereafter.

The plaintiff's decedent died intestate in 1870, but

no administration was taken out on his estate until December 8, 1885, when the plaintiff qualified as his administrator.

On January 9, 1886, the plaintiff exhibited the following account, for allowance, against the estate of the defendant's decedent:

"THE ESTATE OF W. G. ROBERTS, deceased,
  "To R. S. NELSON, Adm'r Est. R. McCOY, Dr.

"To this amount of goods and merchandise sold
  and delivered, money loaned, horses and
  mules sold and delivered, and notes and
  accounts transferred and delivered in January, 1861, to be due and payable in two
  years thereafter.........................$2,000.00
"To this amount of cash loaned.............   100.00
                                            _____
                                              $2,100.00"

The probate court rejected it, and on appeal to the circuit court, it was again rejected, on the ground that it was barred by the statute of limitations.

The statute in question (sect. 185) reads: "All demands, not thus exhibited in two years, shall be forever barred, saving to infants, persons of unsound mind, or imprisoned, and married women, two years after the removal of their disability; and said two years shall begin to run from date of the letters, where notice shall be published within thirty days, as provided in section 87, and in all other cases, said two years shall begin to run from the date of publication of the notice."

The supreme court, in construing this statute, has, from an early day, uniformly held, that the exceptions, mentioned in it, are necessarily exclusive of all others, and that the limitation, therein provided, supersedes the general statute, on the same subject. *Monielius v. Sarpy*, 11 Mo. 242; *Richardson v. Harrison*, 36 Mo. 96;

*Greenabaum v. Elliott*, 60 Mo. 32 ; *Spaulding v. Suss*, 4 Mo. App. 553 ; *Bauer v. Gray*, 18 Mo. App. 171, 172.

We are aware of no exception to this rule. The cases cited, by the appellant, are where the demands accrued against the decedent, after the lapse of three or two years from date of letters, such as *Miller v. Woodward* (8 Mo. 169), and *Taylor v. Priest* (21 Mo. App. 687), or where the general statute of limitations was invoked in favor of an administrator, and it was held, that the time elapsing between the death of his decedent and his own appointment, had to be excluded from the computation of time. *McDonald v. Walton*, 2 Mo. 48 ; *Polk v. Allen*, 19 Mo. 467 ; *McKinzie v. Hill*, 51 Mo. 305 ; *Ayers v. Donnell*, 57 Mo. 397.

The appellant contends that he is within the first class, above stated, because the cause of action did not accrue to him until he was appointed administrator. But this is a total misconception of the law, as applied to the facts. The cause of action, if any, in this case accrued in January, 1861, and the appellant confounds the accrual of the cause of action with the right of some particular person to enforce it. There can be no difference, in principle, whether the plaintiff became the assignee of this particular demand, by assignment, or by operation of law. His right is the same, and no other, than that of his decedent, in whose favor it accrued, and in whom, and in whose representatives, whoever they were, it existed for a period of twenty years and more. Any other construction of the statute would lead to interminable confusion.

It is clear that the court was right in rendering judgment for the defendant, upon the undisputed facts, as the claim was clearly barred by the special statute of two years limitation.

The judgment is affirmed. Judge Thompson concurs. Judge Lewis is absent.