J. M. LITTLE, Respondent, v. JAMES H. REID, Administrator, et al., Appellants.

Kansas City Court of Appeals, May 2, 1898.

Mortgages: LIMITATION: ADMINISTRATION. The statute of limitations does not run in favor of an estate during the time there is no administration, and where in such case the general statute of limitations against the foreclosure of a mortgage is invoked by the administrator, the time between the death of his decedent and his appointment must be excluded; and in this case the act of February 18, 1891, does not apply.

*Appeal from the Boone Circuit Court.*—HON. J. A. HOCKADAY, Judge.

AFFIRMED.

N. T. GENTRY and W. M. WILLIAMS for appellants.

(1) Sufficient facts were not stated to entitle plaintiff to any equitable relief; and even if all the facts as stated were true, they did not constitute a cause of action. No reasons were given why plaintiff had slept on his rights for so many years; nor why he had failed to have the trustee (who was his son, Joseph Little) to advertise under the deed of trust, and sell the land before the note was barred by the statute of limitations. The court also erred in admitting in evidence the note and deed of trust signed by Daniel Bentley, these were both barred by the statute of limitations. Johnson v. Buckner, 4 Mo. 624; R. S. 1889, sec. 6774; Johnson v. Johnson, 81 Mo. 331; Hunter v. Hunter, 50 Mo. 451; Bush v. White, 85 Mo. 358. (2) The act of the general assembly of Missouri passed February 18, 1891 (Session Acts of Mo. 1891, p. 184), was enacted for the purpose of requiring persons to

close up their old business, and foreclose their old, stale, time-worn notes and deeds of trust. Two years after the passage of this act were given to persons in which to foreclose their old paper; but the plaintiff negligently waits till April, 1895 (more than four years after the passage of said act), before he takes even the first step in the direction of foreclosure. R. S. 1889, secs. 7, 8. (3) The failure of plaintiff to apply for letters of administration, or to have some one appointed to take charge of said estate, or to have the land advertised and sold by the trustee or sheriff, does not and ought not to suspend the statutes of limitations. Baker v. Brown, 18 Ill. 91; McKinzie v. Hill, 51 Mo. 303; Demerest v. Wynkoop, 3 John. Chan. (N. Y.) 129; Angell on Limitations, p. 47, sec. 56; Frost v. Frost, 4 Edwards Chan. (N. Y.) 733; DeKay v. Danah, 2 Green N. J. L. 280, 294; McDonald v. Hovey, 110 U. S. 619; 13 Am. and Eng. Ency. of Law, pp. 731, 734; Lytle v. State, 17 Ark. 608.

TURNER, HINTON & TURNER for respondent.

(1) The appellants' first objection that sufficient facts were not stated to entitle the plaintiff to equitable relief, and that he had been guilty of laches, is evidently founded upon a misconception of the action. It is the statutory legal action, and not equitable, as the appellant would seem to infer. R. S. 1889, sec. 7079; Smith v. Finn, 77 Mo. 499. The court committed no error in admitting in evidence the note secured by the deed of trust. (2) The statute of limitations could only begin to run against the note from its maturity, and hence the attempted plea "that more than ten years have expired prior to the institution of this suit since the execution of the note, etc.," is wholly insufficient. Johnson v. Buckner, 4 Mo. 624; Gemmell

v. Davis, 71 Md. 458; Gould v. Johnson, 2 Ld. Raymond, 838; 1 Saund. 33e, note. (3) Even if the statute were properly pleaded, it would constitute no defense to the note. The debtor having died within less than ten years from the maturity of the note, the statute did not run in favor of his estate during the period intervening between his death and the grant of letters of administration. And, excluding the period during which there was no administration, less than ten years in all have elapsed between the maturity of the note and the institution of this suit. Ayers v. Donnell, 57 Mo. 396, loc. cit. 398; Doerge v. Heimenz, 1 Mo. App. 238, loc. cit. 240; Nelson v. Haberlee, 26 Mo. App. 1, loc. cit. 4; Etter v. Finn, 12 Ark. 632; Bank v. Walker, 14 Ark. 234; Toby v. Allen, 3 Kan. 399; Nelson v. Herkel, 30 Kan. 456; Hapgood v. Southgate, 21 Vt. 584; Baird v. Reynolds, 99 N. C. 469; Long v. Cleg, 94 N. C. 763; Dickson v. Crawley, 17 S. E. Rep. 158; 2 Woerner's Adm., sec. 401, p. 844, note 3. (4) The mere fact that more than ten years had elapsed since the execution of the deed of trust, or even for that matter that the debt secured by it was barred by the statute of limitations, constituted no defense to the action to foreclose. Chouteau v. Burlando, 20 Mo. 483; Cape Girardeau v. Harbison, 58 Mo. 90; Lewis v. Schwenn, 93 Mo. 26; Booker v. Armstrong, 93 Mo. 49; Gardner v. Terry, 99 Mo. 523; Benton Co. v. Czarlinsky, 101 Mo. 275; Orr v. Rode, 101 Mo. 387; St. Louis v. Priest, 103 Mo. 652; Combs v. Goldworthy, 109 Mo. 151; Chouteau v. Riddle, 110 Mo. 366; Tucker v. Wells, 111 Mo. 399.

SMITH, P. J.—This cause was certified here by the supreme court for the reason that it was without the appellate jurisdiction of that court.

The action was begun April 19, 1895. Its objects were to foreclose a deed of trust conveying certain real estate and to obtain judgment for the debt thereby secured. The deed of trust, in the nature of a mortgage, which was the foundation of the action was executed by Daniel Bentley, October 3, 1882, to secure a note to plaintiff for $650, payable twelve months after date with interest at six per cent per annum to be compounded annually. Bentley died intestate June 8, 1892. No administration was had on his estate until April 5, 1895, when the probate court ordered the defendant Reid to take charge as public administrator. Under the answer the execution of the deed of trust was admitted.

The only issue was as to the right of the plaintiff to enforce its provisions owing to the lapse of time. Little v. Reid, 141 Mo. 242. Adverting to the statement of facts already made by us, it will be seen that the interval of time between the date of the maturity of the note October 3, 1883, and that of the commencement of the action was eleven years, six months and sixteen days; and that between the date of the death of Bentley— June 8, 1892—and that of the administration of his estate—April 5, 1895—was two years, nine months and twenty-seven days. By subtracting the latter interval from the former there would remain only eight years, eight months and nineteen days. The settled rule in this state is, that the statute of limitations does not run in favor of an estate during the time there is no administration; or, in other words, where the general statute of limitations is invoked in favor of an administrator as here, the time elapsing between the death of his decedent and his own appointment must be excluded from the computation of time. Doerge v.

MORTGAGES:
limitation:
administration.

Heimenz, 1 Mo. App. 238; Nelson v. Haeberle, 26 Mo. App. 1; Ayers v. Donnell, 57 Mo. 396; M'Donald v. Walton, 2 Mo. 48; Polk v. Allen, 19 Mo. 467; McKinzie v. Hill, 51 Mo. 305. In section 401 of Woerner's American Law of Administration it is stated that, ''as a general principle it would seem that during the interval between the debtor's death and the appointment of an administrator to his estate the general statute ought not to run.''

Applying the foregoing rule to the conceded facts of this case and it becomes clear that the plaintiff's action was not barred at the time it was commenced. The action was, in legal contemplation, commenced in eight years, eight months and nineteen days after the the plaintiff's right thereto accrued, or after the default, and therefore within the ten years period of limitation prescribed by the statute.

The defendant invokes as applicable the provisions of the act of February 18, 1891. Sess. Acts 1891, p. 184. The first section of which provides that no action shall be maintained to foreclose any mortgage *hereafter* executed after the debt secured by it has been barred by limitations. The second forbids that any such suit be had or maintained to foreclose any such mortgage or deed of trust heretofore executed to secure any such obligation after the expiration of two years after the passage of this act.

It is obvious from the very terms of the first section that it does not apply since the present note and mortgage were executed before the act took effect. Nor does the second section have any application for the plain reason that when the act took effect the plaintiff's right of action on the note itself was not barred. This is not a case in which when the act took effect the action was barred on the note but not on the

mortgage so that the two years limitation therein pre-
scribed has no sort of application to it.

The judgment of the circuit court which was for
plaintiff will be affirmed.   All concur.