THE STATE OF MISSOURI ex rel. JULIA BER-
NICE BAIN, Appellant, v. W. A. BROWNING,
Administrator, etc., et al., Respondents.

**Kansas City Court of Appeals, November 9, 1903.**

1. **Guardian and Curator: LIABILITY ON BOND: LIMITATION.**
The general statute of limitations has no application to a demand
against the estate of the deceased curator, and the two-year statute
alone is applicable.

2. ———: ———: ———: **ADMINISTRATION.** The two-year stat-
ute of limitations begins to run when the cause of action accrues,
and if the cause of action accrues during the administration of the
estate of a surety of a deceased curator, the demand must be ex-
hibited within two years or it is forever barred.

Appeal from Holt Circuit Court.—*Hon. Gallatin Craig,*
Judge.

AFFIRMED.

*H. B. Williams* for appellant.

(1) The statute of limitation does not begin to run
against a distributee of an estate until final settlement
and order of distribution. State v. Blackwell, 20 Mo. 97;
State ex rel. v. Hoshaw, 86 Mo. 193, 198; R. S. 1899, sec.
3529. (2) The statute of limitations did not begin to
run until plaintiff's (relator's) right of action accrued.
Rabsuhl v. Lack, 35 Mo. 316; State ex rel. v. Hoshaw,
86 Mo. 198.

*John Kennish* for respondents.

BROADDUS, J.—This is a suit upon a guardian
and curator's bond. In 1895 James Bain was appointed

guardian and curator of the person and estate of Julia Bernice Bain and gave a bond, as required by law, with James R. Price, Thomas Story, Nathan Wansley and John Galloway as his securities. The amount of the bond was for $4,000. Money came into the hands of said Bain as such curator which he held until his death in December, 1900, having failed to make a final settlement and acounting to said Julia Bernice Bain who had become of age prior thereto, viz., October 22, 1899. In September, 1899, one of the securities on said bond died, and in October, 1899, letters of administration were issued appointing defendant W. S. Thompson administrator of said deceased surety (Nathan Wansley) who duly qualified and on October 6 next thereafter made publication of his administration. All the obligees in the bond, or their administrators, are made parties to this proceeding. The petition setting out all the foregoing facts was filed the 10th day of February, 1902. All the defendants except W. S. Thompson, administrator of Wansley, made default. The latter, as such administrator, answered. Among other matters he pleaded the statute of limitations as follows:

"Defendant further states that on the — day of ———, 1899, relator attained her majority and has not been under any legal disability since that time, and that relator failed to exhibit any claim or cause of action against said estate of Nathan Wansley, deceased, within two years from the date of said letters, and not until the 10th day of February, A. D. 1902, and that the regular terms of the probate court of Holt county, Missouri, are held on the second Mondays in February, May, August and November."

Plaintiff filed reply denying certain matters in defendant's answer but admitting the facts stated in his plea of the statute of limitations. Defendant moved for judgment on the pleadings, which motion was sustained by the court, and plaintiff appealed.

The contention of the appellant is, that the cause of

action against her guardian did not accrue until the second Monday in February, 1900, less than two years before the commencement of this suit. That is to say, as relator attained her majority in October, 1899, and the next term of the probate court of said county at which her curator could, after giving the statutory notice thereof, make settlement, began on the second Monday of February, 1900, therefore there was no default until then and no cause of action until then had accrued.

It is not denied that the cause of action accrued during the administration of the estate of Wansley within two years from date of letters. The question, therefore, is not whether two years had expired since the cause of action accrued, but whether plaintiff's cause of action had been exhibited against the estate of Wansley two years after administration on his estate. Under the general statute of limitations, plaintiff's cause of action would have been barred after the expiration of ten years from the time it accrued, and for the purposes of this case it is immaterial whether it accrued when she reached her majority or at the February term of the court next thereafter when the curator should have made his final settlement, for the reason that the ten years statute of limitation has no application, but section 185, Revised Statutes 1899, governs. "All demands not exhibited in two years shall be forever barred," etc. The statute begins to run when the cause of action accrues, and if the cause of action accrues during administration, the demand must be exhibited within two years, or it is forever barred. Tenny v. Lasley, 80 Mo. l. c. 668; Burton v. Rutherford, 49 Mo. 255; Ayers, Adm'r, v. Donnel, Ex'r, 57 Mo. 396; Pearce v. Calhoun, 59 Mo. 271.

Cause affirmed. All concur.