JOHN L. STANTON, Administrator, etc., Appellant,
  v. EDWARD R. GIBBINS et al., Respondents.

**Kansas City Court of Appeals, November 23, 1903.**

1. **LIMITATIONS: Mortgage: Note: Statute.** Prior to 1891 an action to foreclose a mortgage on real estate could be maintained at any time within twenty years, notwithstanding the obligation secured was barred earlier.  By the act of that year a mortgage was barred at the same time with the obligation secured, and prior-given mortgages were required to be foreclosed within two years after the passage of the act, if the obligation had matured.

2. ——: ——: **Foreclosure: Death of Creditor: Administration.** A creditor died in 1889 owning a past-due mortgage security. Administration on the estate was taken out in 1901.  An action was brought to foreclose the mortgage in 1902.  *Held,* that where the decedent was the creditor and limitation had begun to run before his death, it will continue to run without interruption after his death, notwithstanding the administration was not had on his estate.

Appeal from Andrew Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*James M. Rea* for appellant.

(1)  In this and similar cases the administrator, and he alone, is the proper party to collect, preserve, administer and distribute the assets of estates of deceased persons, notwithstanding agreements to the contrary made by a debtor of the estate with the heirs or distributees thereof.   Bartlett v. Hyde, 3 Mo. 490; State ex rel. v. Moore, 18 Mo. App. 406; McMillan v. Wacker, 57 Mo. App. 220; Jacobs v. Maloney, 64 Mo. App. 270.   (2) The note in suit is not barred by limitations.   The last indorsement of payment thereon before the death of Lizzie Calvert is dated April 2, 1885, and she died the holder thereof on April 18, 1889.   So, then, but four years and sixteen days had elapsed or run at her death.   Upon her death limitation ceased until the appointment of her administrator, because until then no one was legally qualified to sue.   The plaintiff herein was so appointed on August 3, 1901, filed his petition on July 31, 1902, and summons was issued thereon on the day of filing the petition.   Thus eleven months and twenty-seven days elapsed or run from the appointment of plaintiff as administrator until the suit was commenced, which, added to the four years and sixteen days that had run in Lizzie's lifetime, makes five years and thirteen days of the general statute of ten years that have run on the note in suit since Lizzie's death.   Polk v. Allen, 19 Mo. 467; Dillon v. Bates, 39 Mo. 292; State v. Hilman, 7 Mo. App. 420; Ayers v. Donnell, 57 Mo. 396.

*P. Mercer* for respondents.

Submitted a lengthy argument.

ELLISON, J.—Defendants on March 12, 1872, executed a note for $300, together with a mortgage to secure it, to Elizabeth Calvert. The note was due in one year. A payment of $100 was made on the note April 2, 1885. Elizabeth Calvert died April 18, 1889. Plaintiff was appointed administrator of her estate August 3, 1901, and this action was begun on July 31, 1902. The statute of limitations was made a defense and the trial court found for defendants.

Prior to 1891, an action to foreclose a mortgage on real estate might have been maintained if brought any time within twenty years notwithstanding the obligation secured was barred earlier. In that year the Legislature enacted the following statute, being sections 4276 and 4277, Revised Statutes 1899, viz:

"Sec. 4276. No suit, action or proceeding under power of sale to foreclose any mortgage or deed of trust, executed hereafter to secure any obligation to pay money or property, shall be had or maintained after such obligation has been barred by the statute of limitations of this State.

"Sec. 4277. Nor shall any such suit be had or maintained to foreclose any such mortgage or deed of trust heretofore executed to secure any such obligation after the expiration of two years after the passage of this act."

The first of these sections provides that mortgages or deeds of trust executed "hereafter," that is, after the enactment of the statute shall be barred at the same time with the obligation which it secures. The second section (as presently explained) gives two years after the enactment of the statute in which to institute suit to foreclose a mortgage or deed of trust which had been executed before such enactment. The mortgage here in question was executed prior to the enactment of the statute referred to and therefore it came under the last section giving a period of two years' limitation, and, the note itself being barred and more than two years since

the statute took effect having elapsed prior to bringing this action, it is barred. The object of the statute was to provide that the life of mortgages and deeds of trust thereafter executed should continue as long as the life of the note lasted, but no longer. And that mortgages and deeds of trust executed before the statute, should end within two years after the passage of the act unless, of course, the obligation secured was not yet barred. The statute does not, under either section, end the life of the mortgage or deed of trust at any time before the obligation secured is barred. But in cases where the mortgage was executed prior to the act it would be barred in two years, if at any time before the two years had run the obligation had become barred.

2. But plaintiff contends that on account of the death of Elizabeth Calvert, mortgagee and payee of the note, in 1889, before the note was barred, it arrested the running of the statute until an administrator was appointed in 1901. That by not counting the intervening time, the action was seasonably brought. The rule is that where the decedent is the debtor, limitation does not run against his creditor in favor of his estate during the time administration is delayed. But where the decedent is the creditor and limitation has begun to run before his death, it will continue to run, without interruption, after his death, notwithstanding administration is not had on his estate. In other words, the heirs of a creditor whose claim matured before his death, as in this case, can not prolong the statute of limitations in their own favor by delaying to take out letters of administration on their ancestor's estate.

A question as to the true interpretation of this statute first came before us shortly after its enactment in the case of Little v. Reid, 75 Mo. App. 266, and in an opinion written by Judge SMITH we put upon it a construction which we believe to be sound and which has not been questioned in any other case.

The second branch of this case on the question

whether the statute of limitations is arrested by the death of one of the parties during the time there is a failure to administer on his estate does not present the fact which appeared in Little v. Reid. In that case the *debtor* died and it was properly held that the time administration on his estate was delayed should not be counted as a part of the time limited. In this case it is the *creditor* who died which involves a different rule as stated above. With this distinction in mind, there is no conflict between the decision of the St. Louis Court of Appeals (Schlueter v. Albert, 39 Mo. App. 154) and Little v. Reid, supra.

The result is that the judgment should be affirmed. All concur.