THORNTON, Respondent, v. PIGG, Appellant.

1. Although a judgment at law may have been obtained by a mortgagee for the mortgage debt, he may also institute proceedings for a foreclosure of the mortgage and a sale of the mortgaged premises.

24   249
104  611
24   249
141  367
24   249
149   55
24    249
99a  600

2. If a mortgagee obtain a judgment for his debt, and at an execution sale thereunder should become a purchaser of the mortgaged premises, he will hold them subject to redemption.

3. Although a wife should join with her husband in the execution of a mortgage, she is not a necessary party to a proceeding under the statute to foreclose the mortgage.

### *Appeal from Henry Circuit Court.*

The petition alleged the execution of a mortgage of certain premises by the defendant Pigg and wife, to secure a promissory note executed by said Pigg and others to one Brehm ; that Brehm dying, his administrator obtained a judgment on said note against Pigg and the other makers thereof for $1646 ; that said administrator assigned said judgment to the plaintiff in the present action ; that Pigg paid upon said judgment the sum of $848 90, for which he is entitled to a credit ; that the remainder of said judgment remains unpaid ; that said administrator assigned the mortgage to plaintiff ; that " by virtue of the premises, he is the owner of the said judgment, and of the said mortgage deed ; and is as such entitled to all the rights and privileges secured by said judgment and said mortgage ; and he prays that the equity of redemption in the said real estate above described may be foreclosed, and that the said real estate so mortgaged as aforesaid may be sold to satisfy the said balance of the said judgment so due to the said plaintiff from the said defendant, John A. Pigg, as aforesaid."

A demurrer to this petition was overruled, and the court gave judgment for the balance remaining due upon the mortgage debt ; decreed a foreclosure of the mortgage, and ordered a sale of the mortgaged premises ; and if the mortgaged premises should not be sufficient to satisfy the debt, then that the residue be levied of other goods, &c.

A motion in arrest of judgment, made by defendant, was overruled.

*F. P. Wright*, for appellant.

I. The court erred in overruling the demurrer. The petition is not sufficient under our statute for the foreclosure of mort-

Thornton v. Pigg.

gages. It does not ask judgment for the debt, nor does plaintiff, as assignee, sue for the recovery of the debt.

II. Defendant's wife should have been made a party. (4 Kent's Com. 198.)

III. There having been a judgment on the note, the remedy on such judgment should have been exhausted before instituting other proceedings at law or equity.

IV. The administrator had no right to assign the judgment and mortgage without an order of the county court.

*Napton*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

It is an irregular practice to move in arrest of judgment for defects in a petition, after a demurrer to the petition has been overruled.

We can see no weight whatever in the objections made against the regularity of this proceeding. It has always been the law that the mortgagee has three remedies against the mortgagor. He may file his bill to foreclose, bring an action at law for the recovery of the mortgage debt, and, after forfeiture, an action of ejectment for the recovery of the possession of the mortgaged premises. These remedies are concurrent. (Hilliard on Mort. ch. 31.) Moreover, it is the law of this state that if a mortgagee, as was done here, brings an action at law to recover the mortgage debt, and sells the mortgaged premises under execution and becomes the purchaser, he is just where he began, and will hold the mortgaged land subject to redemption. It is no ground for staying the proceedings under the statute for the sale of the mortgaged premises that there has been a judgment at law for the mortgage debt. Such an idea has no support in any book that we have read. If the debtor will not pay the judgment, and no property can be found to satisfy it, why should he be restrained from a foreclosure? Why should the creditor be embarrassed with the difficulties attending a sale of the mortgaged premises under a judgment at law for the debt secured by a mortgage?

The 4th section of the 30th article of the practice act of 1849 prescribes, that all rights of action given or secured by existing laws, may be prosecuted in the manner provided by that act. The 3d section of the 17th article of the same act enacts that the relief granted to the plaintiff, if there be no answer, can not be other or greater than that which he shall have demanded in his petition as originally filed and served on the defendant ; but in any other case, the court may grant him any relief consistent with the case made by the complainant and embraced within the issue. Under these provisions, we do not see why any objection should be taken to the want of a prayer in the petition for the rendition of a judgment for the debt. The proceeding was a statutory one, and the court was clearly empowered to grant such relief as was consistent with the case made.

There is nothing in the objection that the administrator could not assign the judgment. From any thing that appears, the plaintiff may be one of those to whom an administrator may by law assign the bonds and notes of the estate.

The wife is not a necessary party to a proceeding under the statute to foreclose a mortgage, although she may have joined in the mortgage deed with her husband in conveying away the premises mortgaged. (Reddick v. Walsh, 15 Mo. 538.) The other judges concurring, the judgment will be affirmed.