———o———

DANIEL C. YOUNG & Co., Plaintiffs in Error, *vs.* DUDLEY L. RUTH, *et al.*, Defendants in Error.

1. *Mortgages and deeds of trust—Proceedings at law on same debt—Attachment —Sale of mortgaged property—Purchase by mortgagee—Purchase by stranger —Subsequent foreclosure as to part purchased by stranger—Contribution.—* A. mortgaged certain lands to B., and afterwards, in a proceeding at law by attachment for the debt secured by the mortgage, B. had these lands sold, purchasing a part of them, and C. a stranger purchasing a part. Subsequently B. brought an action on the mortgage, asking for a foreclosure thereof only as to the land purchased by C. *Held*, that B. had no right in an action at law on the debts secured by the mortgage to sell and buy in the mortgaged property, and that his purchase left the lands as they stood before, and that C's purchase, if valid at all, only amounted to a purchase of the equity of redemption; that C. had a right to demand that all the mortgaged property be brought before the court for foreclosure, in order that the other lands might bear their proportion of the entire indebtedness, and that without so doing B. had no standing in court.

*Error to Livingston Circuit Court.*

*Broadus & Pollard*, for Plaintiffs in Error.

I. The court erred in holding, that by the sale under the proceedings at law Moore acquired a fee simple title to the land purchased by him. (Thornton vs. Pigg, 24 Mo., 249; Lumley vs. Robinson, 26 Mo., 364; Jackson vs. Hull, 10 Johns., 481.)

*Norville & Moore*, for Defendants in Error.

I. The plaintiffs, having once had judgment for this debt, and against this land, and having had the same sold in satisfaction of part of the debt, cannot afterwards proceed against the same land in the hands of a purchaser under the first judgment. (Buford vs. Smith, 7 Mo., 489; Miles vs. Davis, 19 Mo., 408.)

II. Though the original debt was secured by deed of trust on the land mentioned in plaintiffs' petition, yet they then chose to proceed by suit in court to enforce their lien and collect their debt; the power of sale contained in the deed of trust was only a cumulative remedy, and does not oust the inherent equitable jurisdiction of the court. (2 Amer. L. Reg. [N. S.], 650, and cases cited.)

ADAMS, Judge, delivered the opinion of the court.

This was an action to foreclose a deed of trust. The case stands here upon a demurrer to plaintiffs' petition, which was sustained by the court, and final judgment rendered thereon against the plaintiffs.

The facts as set forth in the petition are, that the defendant, Ruth, and one Buchanan were indebted to the plaintiffs, for which they executed their several promissory notes payable at different times; and that the defendant, Ruth, in 1860 executed a deed of trust to secure these debts. The deed of trust was executed to Wm. Y. Slack, as trustee, who afterwards died without executing the trust. The deed of trust covered the following lands in Livingston County, to-wit: the southwest quarter and the west half of the southeast quarter of section No. 34, township No. 56 of range No. 22.

The petition further alleges, that after the debts became due a suit by attachment was instituted by the plaintiffs on the mortgage debts, and the lands in the mortgage were attached, and on a final judgment and execution in the attachment suit the mortgaged premises were sold, and the plaintiffs bought all the land, except the east half of the southwest quarter of said section, which was bought by the defend-

ant, Moore, at the price of seven dollars, for which he took the sheriff's deed, and afterwards sold the same to the defendant, Cheney, both of whom purchased with notice of the existing deed of trust. The plaintiffs then ask for a foreclosure of the deed of trust on the piece of land bought by the defendant, and do not bring into the case for a foreclosure the lands bought by themselves. This demurrer was properly sustained.

The plaintiffs had no standing in court to foreclose the deed of trust simply as to the tract of land sold under the attachment to Moore, without bringing the other lands before the court to bear their proportion of the debts.

So far as the plaintiffs were concerned, the foreclosure by them in the proceedings by attachment amounted to nothing; as this proceeding was founded on the mortgage debts, a sale of the mortgaged premises, and a purchase by them, left them as they stood before. They had no right in an action at law on the same debts secured by the mortgage to sell and buy in the mortgaged property. (McNair vs. O'Fallon, 8 Mo., 188; Thornton vs. Pigg, 24 Mo., 249; Lumley vs. Robinson, 26 Mo., 314.) The purchase by the defendant, Moore, if valid at all, only amounted to a purchase of the equity of redemption.

Viewed in the light of a purchaser of the equity of redemption, he has the undoubted right to have the whole mortgaged premises brought before the court for foreclosure, in order that all the other lands may bear their proportion of the entire indebtedness. Whether he could throw the debts on to the other land first, need not be decided or discussed now. As the case stands here, this judgment must be affirmed.

Judgment affirmed. All the judges concur.