## BUMGARDNER, Appellant, v. WEALAND.

**Division Two, June 19, 1906.**

1. **LIMITATIONS: Mortgages and Debts: Act of 1901.** It was the purpose of the act of 1901 (now secs. 4276 and 4277, R. S. 1899) to provide that deeds of trust and mortgages executed after that act went into effect should continue in force only so long as the debts they were given to secure were not barred by the Statute of Limitations, and to repeal the right to enforce them for twenty years and after the obligations they secured were barred.

2. ———: ———: ———: **Prospective.** That act is prospective only.

3. ———: ———: ———: **Two-Year Provision.** The language of that act in reference to the two-year limitation was meant to give holders of mortgages and deeds of trust given to secure debts already barred by limitation two years after its passage in which to enforce their mortgages and deeds of trust then enforcible. It was not meant to be applied to obligations which had been executed before the passage of the act and which were not then barred but would be barred within two years after the act went into effect.

4. ———: ———: ———: **Application.** That act is applicable only to those whose debts, secured by mortgages and deeds of trust, were barred when the act was passed.

Appeal from Vernon Circuit Court.—*Hon. H. C. Timmonds,* Judge.

AFFIRMED.

*S. A. Wight* for appellant.

The note was barred by the Statute of Limitations on the 10th day of January, 1902. The trial court so found. The deed of trust under the act of 18 February, 1891 (R. S. 1899, sec. 4277), was barred at the same time, or within two years from February 18, 1891. Little v. Reid, 75 Mo. App. 266; Stanton v. Gibbins, 103 Mo. App. 264.

*A. J. King* and *Scott & Bowker* for respondent.

Sections 4276 and 4277, Revised Statutes 1899, have no application to a deed of trust created before the passage of the act, and in which the note was not barred at the time of the passage of said act. Little v. Reid, 75 Mo. App. 266.

GANTT, J.—This is a statutory proceeding under section 650, Revised Statutes 1899, to determine the title respectively as between plaintiff and defendant to the northeast quarter of the northwest quarter of section 13, township 34, range 30, in Vernon county, of this State.

The facts are undisputed. On January 10, 1887, J. R. Shelton was the owner of said land and on that day borrowed from the defendant, Wealand, three hundred dollars, and gave him his note for three hundred dollars, due five years after that date, to-wit, January 10, 1892, with five interest coupons for thirty dollars each, all due on or before January 10, 1892, and secured the same by a deed of trust, in proper form, on the land in suit. Shelton afterwards conveyed the land to plaintiff. Plaintiff paid all the interest notes as they matured, the last payment being January 10, 1892, and has paid nothing on said note since the last-mentioned date. The defendant took no steps to enforce the deed of trust until January 14, 1903, on which day the land was sold by the sheriff of Vernon county as substituted trustee and defendant bought it in and took a trustee's deed thereto.

The circuit court held that the note was barred by the ten-year Statute of Limitations, but that the deed of trust was not barred; that the possession of plaintiff was not adverse to said deed of trust nor the holder thereof, and the deed of trust was in full force and effect when the same was foreclosed and defendant became the owner in fee by virtue of the sale and trus-

tee's deed to him. The circuit court expressly held that sections 4276 and 4277, Revised Statutes 1899, had no application to the facts of this case. Plaintiff appeals.

It it conceded by both parties that unless the facts detailed bring this case within the provisions of the act of February 18, 1891, now section 4277, Revised Statutes 1899, the judgment of the circuit court must be affirmed, as prior to the passage of that act the deed of trust would not have been barred until twenty years after the maturity of the note, notwithstanding the note itself was barred January 10, 1902.

It is obvious that section 4276, Revised Statutes 1899, had no application to the facts of this case because *ex vi termini* that section is limited to mortgages and deeds "executed thereafter," and this deed of trust was executed in 1887, four years before the passage of said act.

Has section 4277 any application to the deed of trust herein which did not mature until after the passage of the act? The note secured by the deed of trust in this case was not barred at the time of the passage of the act. Section 4277 is in *pari materia* with section 4276, and by its terms expressly refers to that section by the use of the words, "any such mortgage or deed of trust." Section 4276 refers and has application only to actions and foreclosure of deeds of trusts and mortgages given to secure obligations "after such obligation has been barred by the Statute of Limitations," and it is to *such* mortgages and deeds of trust that section 4277 applies, that is, to deeds of trust and mortgages given to secure obligations that were barred at the time of the passage of the act of 1891.

This act was construed by the Kansas City Court of Appeals in Little v. Reid, 75 Mo. App. l. c. 270. SMITH, P. J., said: "It is obvious from the very terms of the first section that it does not apply since the present

note and mortgage were executed before the act took effect. Nor does the second section [section 4277] have any application, for the plain reason that when the act took effect the plaintiff's right of action on the note itself was not barred. This is not a case in which when the act took effect, the action was barred on the note but not on the mortgage, so that the two years' limitation therein prescribed has no sort of application to it."

Obviously our worthy brother of the Court of Appeals was of the opinion that the two-year limitation only applies where the note was barred when the act of 1891 took effect, but the mortgage was still in force. In Stanton v. Gibbins, 103 Mo. App. 264, the same learned court, however, uses this language: "But in cases where the mortgage was executed prior to the act it would be barred in two years, if at any time before the two years had run the obligation had become barred."

We think this extract from Stanton v. Gibbins is in conflict with the view expressed in Little v. Reid, supra. We think it was the purpose of the General Assembly to provide that all deeds of trust and mortgages executed after the act of 1891 (now sections 4276 and 4277, R. S. 1899) should continue in force only so long as the debts they were given to secure were not barred by the Statute of Limitations, and to repeal the right to enforce them for twenty years and after the obligations they secured were barred, as had been repeatedly held before the enactment of 1891. [Lewis v. Schwenn, 93 Mo. 26; Long v. Long, 141 Mo. l. c. 368.] But the Legislature obviously intended this legislation to be prospective in its operation and carefully provided that it should take effect after the passage of the act. It was also in the mind of the Legislature that there were doubtless many deeds of trust and mortgages which had been given to secure debts which were barred by the Statute of Limitations, but which were nevertheless enforceable, and accordingly it was determined to short-

en the period of limitations as to *such* deeds of trust and mortgages by providing they should not be foreclosed after the expiration of two years after the passage of the act. We think to apply it to obligations which had been executed prior to the act and which would be barred within two years after the act went into effect, would be to import into the act a contingency for which the Legislature made no provision, and this, of course, we cannot do. If the act is not to be held applicable to those mortgages and deeds of trust only, in which the debts were barred at the time of the passage of the act, then it would result that those mortgages whose debts were barred when the act was passed would have two years in which to foreclose, but a creditor whose debt might be barred only a month or a day even before the two years after the passage of the act of 1891 expired, would only have the fraction of that two years left in which to foreclose. We do not think such a result was in the mind of the Legislature. We think the act was applicable only to those whose debts, secured by mortgages or deeds of trust, were barred when the act was passed.

At any time before the Statute of Limitations had become a bar to the foreclosure, the General Assembly had the power to shorten or cut down the length of time required by the statute to become a bar thereto, provided always a reasonable length of time was given to parties in whose favor these rights of foreclosure existed in which to bring their actions. [Cranor v. School District, 151 Mo. 123, 124, and cases cited.] We think the circuit court correctly held that sections 4276 and 4277, Revised Statutes 1899, had no application to the facts of this case and that plaintiff's title passed to defendant by virtue of the foreclosure of the deed of trust.

The judgment is affirmed.

*Burgess, P. J.,* and *Fox, J.,* concur.