# CASES DETERMINED

BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

### MARCH TERM, 1907.

---

## CAROLINE M'cCAULEY, Appellant, v. CHARLES W. BRADY et al., Respondents.

**Kansas City Court of Appeals, March 4, 1907.**

1. **MORTGAGES: Limitation: Statute.** The act of February 18, 1891, being sections 4276 and 4277, Revised Statutes, has no application to actions for the foreclosure of mortgages executed and delivered before its enactment where the debt secured was not at the time of the enactment barred by limitations.

2. ———: **Foreclosure: Defect of Parties: Demurrer.** While a mortgage is an incident of the debt it secures it affords, after condition broken, an entirely separate and distinct remedy from that which may be obtained in an action on the debt itself; and the owner of the equity of redemption is a necessary party in an action to foreclose under the statute, but the mortgagor is not a necessary party unless a personal judgment is sought against him.

3. ———: ———: **Mortgagor: Statutory Construction.** The fact that in one section of the statute the word mortgagor is used to describe the person against whom the personal judgment shall be rendered, does not preclude giving the word a more comprehensive significance where the context shows a wider or different meaning was intended; the intention of the enactment is to provide an action at law for simple foreclosure suits where the only equity to be dealt with is the equity of redemption.

4. ———: ———: **Petition: Occupier: Demurrer.** An objection in an affidavit relating to a failure to make the occupier of the land a party defendant is overruled, since the petition shows no such defect on its face.

5. ——: ——: **Separate Notice: Distinct Counts.** .The cause of action for the foreclosure of a mortgage springs from the breach of the conditions of that instrument, usually the failure to pay the debt; the fact that such indebtedness is evidenced by more than one note, does not require a corresponding division of the cause of action on the mortgage, and the petition for foreclosure need contain only one count.

Appeal from Jackson Circuit Court.—*Hon. Edward P. Gates,* Judge.

REVERSED AND REMANDED.

*Paxton & Rose* for appellant.

(1) The act of 1891 (Laws 1891, p. 184) did not apply to notes already executed but not yet barred. Little v. Reid, 75 Mo. App. 270; Stockton v. Teasdale, 115 Mo. App. 245; Bumgardner v. Wealand, 95 S. W. 211.

*J. Allen Prewitt* for respondent.

(1) Judging from the language of the petition we assume that appellant is proceeding at law under section 4342, R. S. 1899. However as she has blended the three causes of action in one count, she may contend that this is an equitable action. In either event respondent Brady's demurrer was properly sustained. (2) The statute requires that such action must be prosecuted against the mortgagor and the actual tenants or occupiers of the real estate. Section 4342, R. S. 1899. (3) The appellant has not brought this action against the mortgagor. Neither does she allege in her petition that the defendant is in the actual occupancy of the real estate. For this cause alone the demurrer was properly sustained on the first alleged ground. State ex rel. v. Evans, 176 Mo. 316. (4) The petition under this statute should have been in three counts. Dewey v. Leonhart, 37 Mo. App. 517.

JOHNSON, J.—Action to foreclose a deed of trust in the nature of a mortgage brought by the holder, by assignment of the notes secured, against Charles W. Brady, the purchaser of the real estate described in the trust deed, and Henry D. Ashley, the trustee therein appointed. A demurrer to the petition filed by the defendant Brady was sustained and on the refusal of plaintiff to plead further judgment was entered against her and the cause is here on her appeal. Defendant Ashley, being a formal party, merely, was not included in the judgment and makes no appearance here. The petition, omitting the caption, is as follows:

Plaintiff states that on May 3, 1887, one N. S. Griffith executed and delivered to Joseph S. Ford and Smith M. Ford his three promissory notes, dated April 14, 1887, for the sum of $333.33 each due respectively in one, two and three years after date, payable at Armour Bros. Banking Co., with interest at eight per cent per annum payable semiannually. That on the same date the said N. S. Griffith executed and delivered a deed of trust, which is recorded in book 155 at page 80 in the recorder's office at Independence, Missouri, by which he conveyed lots 11 and 12, Block 8 in McCauley Park, an addition in the city of Independence, Missouri, to Henry D. Ashley, trustee for Joseph S. Ford and Smith M. Ford, to secure the payment of said indebtedness.

That on the — day of — the said Joseph S. Ford and Smith M. Ford for value received transferred and assigned by indorsement the said notes to the plaintiff, who is now the legal holder of the same but she has lost the same and is now unable to produce them. Plaintiff states that said N. S. Griffith and his grantees have conveyed their interest in the said real estate to one Charles W. Brady and the said real estate is now owned by the said Charles W. Brady subject to the lien upon the same of the said deed of trust. Plaintiff further avers that no part of the said notes have ever been paid and

McCauley v. Brady.

that the whole amount thereof is due and payable and that the said deed of trust is a valid lien upon said lots to secure the payment of the said notes.

Wherefore plaintiff prays for a decree that the defendant Charles W. Brady and all persons claiming under him may be foreclosed of all interest, lien and equity of redemption in the premises mentioned and described as aforesaid, that the same be sold and the proceeds thereof applied to payment of the costs of this suit and then to the payment of the principal and interest of said notes and that she may have all other proper relief."

The grounds of demurrer to this pleading thus are stated:

"First. Because said petition does not state facts sufficient to constitute a cause of action.

"Second. Because it appears on the face of plaintiff's petition that her action, if it ever existed, is barred by the ten-year Statute of Limitation.

"Third. Because it appears on the face of plaintiff's petition that there is a defect of parties defendant.

"Fourth. Because it appears on the face of plaintiff's petition that her action is barred by the ten-year Statute of Limitations and the act of February 18, 1891, now sections 4276 and 4277, R. S. 1899."

The demurrant asserts the same ground in the second and fourth paragraphs, i. e., that as the notes which evidence the debt secured were barred by the statute of limitations, the right to foreclose the lien of the deed of trust securing their payment likewise is barred. When the notes and deed of trust were executed and delivered in 1887, an action for the foreclosure of the deed of trust would not be barred under the law then in force until the lapse of twenty years from the maturity of the notes, notwithstanding an action on the latter instruments would be barred in ten years after

123 App—36

their maturity. In 1891, the law was amended by the Legislature in an enactment which appears in Revised Statutes 1899 as sections 4276 and 4277. In the first of these sections, it is provided: "No suit, action or proceeding under power of sale to foreclose any mortgage or deed of trust, executed hereafter to secure any obligation to pay money or property, shall be had or maintained after such obligation has been barred by the Statute of Limitations of this State." And in the second: "Nor shall any such suit be had or maintained to foreclose any such mortgage or deed of trust heretofore executed to secure any such obligation after the expiration of two years after the passage of this act."

It will be observed that at the time of the passage of the act all of the notes described in the petition had matured and the Statute of Limitations had begun to run against them, but none was barred. Recently in the case of Bumgardner v. Wealand, 197 Mo. 433, 95 S. W. 211, the Supreme Court held that the act of 1891 has no application to actions for the foreclosure of mortgages or deeds of trust executed and delivered before its enactment where the debt secured was not at that time barred by limitations. Under this holding, the ground of demurrer under consideration cannot be sustained and must be ruled against defendant.

In support of the third ground of the demurrer, that the petition discloses a defect of parties defendant, it is pointed out that section 4342, Revised Statutes 1899, requires the inclusion of the mortgagor and the actual tenant or occupier of the land among the defendants in all actions brought thereunder for the foreclosure of mortgages, and from the standpoint that the petition states an action at law defendant argues that the omission therefrom of the mortgagor and tenant or occupier is a fatal defect appearing on the face of the petition.

Though a mortgage is regarded as an incident to the debt it secures, it affords, after condition broken,

an entirely separate and distinct remedy from that which may be obtained in an action on the debt itself. The mortgagee as the owner of both note and mortgage may maintain an action on the note for the recovery of a personal judgment against his debtor and a judgment there obtained until satisfied will not be a bar to an action to foreclose the mortgage. The statutes relating to foreclosure recognize this rule and, though they permit and provide for the enforcement of both remedies in a single action, a mortgagee may sue under the statute for the foreclosure of the mortgage without seeking a personal judgment on the debt. [Thayer v. Campbell, 9 Mo. 281; Thornton v. Pigg, 24 Mo. 249.] Such is the character of the present action and we think it should be classed as an action at law.

Where, in a foreclosure suit at law, a personal judgment is sought, the mortgagor is a necessary party, but, where no personal judgment is asked and the mortgagor has sold and conveyed his equity of redemption, no reason is apparent for making him a party to an action, the sole object of which is to foreclose the equity of redemption. In an action to foreclose brought in equity, a mortgagor, who has divested himself of the equity of redemption, is not a necessary party. [2 Pingree on Mortgages, sec. 1695 and cases cited.] And we do not see in the statutes any purpose to provide a different rule. True, in section 4342, it says that the action shall be brought "against the mortgagor and the actual tenent or occupiers of the real estate," but, as was said in State ex rel. v. Evans, 176 Mo. 310, that provision means that "the parties are the mortgagee on the one side and the mortgagor and the man in possession on the other, the one holding the legal title with a defeasance, the other holding the equity of redemption and the possession." In other words, the term "mortgagee" as employed in that section, so far as it relates to the foreclosure of the equity of redemption, refers to the actual

owner of that equity who obviously is an indispensable party to any kind of a foreclosure proceeding (2 Pingree on Mortgages, sec. 1707, and cases cited) and is not restricted in meaning to the person who executed the mortgage.

In section 4351, the word is employed to describe the person against whom personal judgment shall be rendered, but such use in that connection does not necessarily preclude the giving of a more comprehensive meaning to it, where its context clearly shows a wider or different meaning was intended. It is indisputable that the real owner of the equity of redemption could not be divested of his property and rights in an action to which he was not made a party and therefore to construe the word mortgagor, as used in section 4342, as referring to no other person than the grantor named in the mortgage, would necessitate the conclusion that the statutory action to foreclose cannot be used in cases where such grantor has conveyed his equity of redemption, and that all such foreclosures must be by bill in equity. Evidently, the intent of the enactment was to provide an action at law for what may be called simple foreclosure suits, that is, cases where no other equities are to be dealt with than the equity of redemption belonging to the mortgagor or his grantees. It was not the purpose to separate such simple foreclosures into two classes, one to be treated as actions at law and the other cognizable only in equity. The absence of the grantor in the deed of trust constitutes no defect of proper parties.

Relative to the omission of the tenant or occupier from the parties defendant, it is not shown by the averments of the petition that any person is in the actual possession of the land. For aught disclosed, it may be unoccupied or else occupied by the defendant Brady, the owner of the equity of redemption. The petition shows no defect of parties in the respect under consideration and only such defects as appear on the face of the

petition may be reached by demurrer. Others must be dealt with in the answer.

The petition states a cause of action. The objection that each of the three notes should be regarded as a foundation for a separate cause of action, and therefore be made the subject of a separate count, is not well taken for two reasons. First, it is not properly raised; and, second, had it been made the subject of a specific ground in the demurrer, still it would be untenable. A cause of action for the foreclosure of a mortgage springs from a breach of the conditions of that instrument. The breach may and usually does consist of the failure to pay the indebtedness secured, but the fact that the indebtedness may be evidenced by two or more notes, all of which are past due, does not correspondingly divide the cause of action on the mortgage. Where a personal judgment is sought in a foreclosure suit and the indebtedness is evidenced by more than one note, it was held by the St. Louis Court of Appeals in Dewey v. Leonhardt, 37 Mo. App. 517, that each note, being the basis of a distinct cause of action, should be separately pleaded. In that class of actions, the auxiliary relation of the mortgage to the notes perhaps should be preserved, but where no personal judgment is asked the cause of actions is not on the notes but on the mortgage, and the adjudication of the amount of the indebtedness is merely prerequisite to the rendition of a judgment of foreclosure.

It follows that the judgment must be reversed and the cause remanded. All concur.