MEREDITH MARTIN et al.; MEREDITH M. STOCKTON, Executor, Etc., of ELIZABETH L. MARTIN, Appellant, v. HATTIE C. TEASDALE et al.

Division One, May 30, 1908.

LIMITATIONS: Mortgage: Act of 1891. The Act of 1891, providing, in the first section, that "no suit, action or proceeding under power of sale to foreclose any mortgage or deed of trust, executed hereafter to secure any obligation to pay money or property, shall be had or maintained after such obligation shall have been barred by the Statute of Limitations," and in the second, "Nor shall any suit be had or maintained to foreclose any such mortgage or deed of trust heretofore executed to secure any such obligation after the expiration of two years after the passage of this act," in terms, by the first section, refers to mortgages executed after the act was passed, and the second section covers only mortgages securing notes barred at the time the act took effect, and granted two years of grace in which to foreclose such mortgages. The act does not bar the foreclosure of a mortgage executed before the act was passed and which was given to secure a note which was not barred

when the act took effect. So that where the mortgage was executed on October 17, 1887, to secure a note for $2,000, of the same date, made payable one year after date, and no interest or part of the principal was ever paid, and partition suit was begun in 1903, the trial court properly held that the land covered by the mortgage was burdened therewith, and properly decreed that the mortgagor's distributive share should be reduced by the amount of the note and that amount paid to the legal holder of the note. Said mortgage, under the Act of 1891 and the existing law in reference to the life of mortgages, was not barred within twenty years after its execution.

Transferred from St. Louis Court of Appeals.

REVERSED AND REMANDED (*with directions*).

*Kehr & Tittmann* for appellant.

(1) Aside from the Act of 1891, it is well settled in this State that, although a note or bond secured by mortgage or deed of trust may be barred so that no action can be maintained thereon, yet the deed of trust or mortgage may be enforced against the land by trustee's sale or foreclosure. Bumgardner v. Wealand, 197 Mo. 435; Long v. Long, 141 Mo. 368; Lewis v. Schwenn, 93 Mo. 26; Booker v. Armstrong, 93 Mo. 49; Gardner v. Terry, 99 Mo. 523; Benton Co. v. Czarlinsky, 101 Mo. 279; Orr v. Rode, 101 Mo. 387; Combs v. Goldsworth, 109 Mo. 159; Chouteau v. Riddle, 110 Mo. 366. (2) The notes and deed of trust in controversy were dated October 19, 1887. The principal note matured October 19, 1888. An action on the note itself was not barred by limitation until October 19, 1898. The Act of February 18, 1891 (Laws 1891, p. 184, now secs. 4276 and 4277, R. S. 1899), does not apply to this case, because the notes secured by the deed of trust were not barred by limitation prior to the passage of that act. Bumgardner v. Wealand, 197 Mo. 433; Little v. Reid, 75 Mo. App. 270; Stockton v. Teasdale, 115 Mo. App. 245; McCaulay v. Brady, 123 Mo. App. 562.

*Johnson, Houts, Marlatt & Hawes* for respondents.

LAMM, J.—This case was certified here by the St. Louis Court of Appeals, after opinion written and handed down (Stockton v. Teasdale, 115 Mo. App. 245), on the theory it was in conflict with a decision of the Kansas City Court of Appeals (Stanton v. Gibbins, 103 Mo. App. 264). Afterwards, in another case, this court determined the proposition involved (Bumgardner v. Wealand, 197 Mo. 433), holding with Stockton v. Teasdale, *supra*. Thereafter, the Kansas City Court of Appeals placed itself in line with the Bumgardner case (McCauley v. Brady, 123 Mo. App. 558), and with its prior decision in Little v. Reid, 75 Mo. App. l. c. 270, *et seq.*

The law of the case being settled, we have no call beyond making this opinion self-explanatory by squeezing into a nutshell the facts and the proposition of law in judgment, viz.:

Respondent, Hattie C. Teasdale, was born Martin —the only daughter and heir of John G. Martin. John G. and other Martins and one Stockton were tenants in common in a parcel of real estate. John G. mortgaged his undivided interest and died. The mortgage was executed on October 19, 1887, to secure a note due in one year for $2,000, payable to one Thorpe. Thorpe sold the note to one of the Martins. Payment in whole or part was never made and the purchasing Martin died testate, nominating appellant Stockton as executor of her will. In 1903 partition was brought among the tenants in common of said parcel (said executor being a party)—only one feature of which concerns us, viz.: The petition charged that the undivided interest of defendant Hattie C. devised to her by the will of her said father, was subject to said mortgage, and asked to sequestrate enough of the proceeds to

pay it. Her answer joined issue by a plea of the Statute of Limitations. The decree found that issue in favor of Stockton, as executor. Subsequently, on sale, the proceeds were ordered distributed in accordance with that finding. Thereby $3,776.64 of the net proceeds of the share of Hattie C. were ordered paid the executor on the mortgage indebtedness. Thereafter this order, on her motion, was set aside, *nisi,* and said sum was ordered paid her—this on the theory that the Statute of Limitations was a bar. Thereat the executor appealed to the St. Louis Court of Appeals and that court decided the judgment in partition and the first order of distribution were right, *i. e.,* that the Statute of Limitations was no bar to recovery, and that the second order of distribution was wrong (see Stockton v. Teasdale, *supra*).

The contention of learned counsel for Mrs. Teasdale involves the gloss of an act of the General Assembly passed in 1891, now sections 4276 and 4277, Revised Statutes 1899. Section 4276 reads: *"No action to foreclose mortgage after note barred.* No suit, action or proceeding under power of sale to foreclose any mortgage or deed of trust, executed hereafter to secure any obligation to pay money or property, shall be had or maintained after such obligation has been barred by the Statute of Limitations of this State." Section 4277 reads: *"Mortgage notes executed prior to* 1891 *barred, when.*—Nor shall any suit be had or maintained to foreclose any such mortgage or deed of trust heretofore executed to secure any such obligation after the expiration of two years after the passage of this act."

Recurring to section 4276, *supra,* it in terms refers to mortgages "executed hereafter." The mortgage in question was not "executed hereafter," hence is not within that section. Recurring to section 4277, *supra,* it has been held that mortgages securing notes not

barred at the time of the passage of the act are not within its intent and purview. That it covers only mortgages securing notes barred at the time the act took effect, and granted two years of grace in which to foreclose such mortgage. The note secured here was not barred at the time the act took effect, hence the mortgage securing it is without its provisions. The evil remedied by the act was to do away with the singular incongruity theretofore existing whereby a note was barred in ten years but the mortgage securing the same note ran for twenty years. Bumgardner v. Wealand, *supra;* Stockton v. Teasdale, *supra;* McCauley v. Brady, *supra,* interpret the statute as herein indicated. Nothing could be added to the cause of jurisprudence by restating the reasoning employed and the propositions asserted in those cases. They control the disposition of this one and the inquiring mind may find there the rule and reason exhaustively exploited and formulated.

The premises considered, the judgment of the circuit court. entered on the order of distribution is reversed and the cause is remanded to that court with directions to. enter a new order and judgment of distribution, turning over to Stockton, executor, the amount found due on the mortgage in accordance with the first order of distribution. All concur, except *Valliant, P. J.,* absent.