ARTHUR HOWER, Appellant, v. ELLEN J. ERWIN.

Division One, May 31, 1909.

1. **DEED OF TRUST:** Release by Assignment of Note. The mortgagee, who for a valuable consideration assigned before maturity the note whose payment was secured by a deed of trust, had no authority under the statute (Sec. 7094, R. S. 1889) to release the deed of trust by executing, in 1889, after the note's maturity, a deed of release. Such release deed, executed without authority from the owner and holder of the note, was void.

2. ———: Limitations: Twenty Years. A suit to foreclose a deed of trust executed in 1884, to secure a note falling due in 1889, was not barred before 1909.

3. ———: ———: Executed Prior to Act of 1891: Meaning of
Statute.  Sec. 4276, R. S. 1899, providing that "no suit, action
or proceeeding under power of sale to foreclose any mortgage
or deed of trust, executed hereafter to secure any obligation
to pay money or property shall be had or maintained after
such obligation has been barred by the statute of limitation
of this State," applies only to deeds of trust executed after
said section was enacted in 1891; and Sec. 4277, providing that,
"Nor shall any such suit be had or maintained to foreclose any
such mortgage or deed of trust heretofore executed to secure
any such obligation after the expiration of two years after the
passage of this act" in 1891, refers to mortgages and deeds
of trust securing notes barred at the time the act took effect,
and granted two years of grace in which to foreclose such
mortgage or deed of trust.  If neither note nor deed of trust
was barred at the time the act took effect, the then existing
deed of trust was not barred for ten years after the note was
barred.  So that, where the note was executed on June 2, 1884,
payable in five years after date, it became due June 2, 1889,
and, no payment of either principal or interest having been
made, it was barred by limitations on June 2, 1899; but the deed
of trust securing its payment was not barred until June 2,
1909; and a suit to foreclose the deed of trust, begun on June
16, 1904, was not barred, but timely brought.  The Act of 1891
(Secs. 4276 and 4277, R. S. 1899) has no application to such
deed of trust.

Appeal from Crawford Circuit Court.—*Hon. L. B.
Woodside,* Judge.

REVERSED AND REMANDED (*with directions*).

*A. H. Harrison* for appellant.

(1)  The note in suit, being dated June 2, 1884,
and being due five years after date, did not mature
until June 2, 1889, and was not barred by limitation
until June 2, 1899, and the plaintiff could institute suit
to foreclose the mortgage or deed of trust securing
the note at any time within twenty years after the ma-
turity of the note, and this suit being filed the 16th
day of June, 1904, plaintiff's cause of action was not
barred by limitation.  Little v. Reid, 75 Mo. App. 270;
Stockton v. Teasdale, 115 Mo. App. 245; Bumgardner

v. Wealand, 197 Mo. 433; McCauley v. Brady, 123 Mo. App. 558; Martin v. Teasdale, 212 Mo. 614. (2) The note sued upon having matured June 2, 1889, was not barred until June 2, 1899, and therefore Sec. 4277, R. S. 1899, which was first passed in 1891, did not apply in this case, as that act was applicable only to mortgage or deed of trust securing notes barred when the act was passed. Bumgardner v. Wealand, 197 Mo. 437; Stockton v. Teasdale, 115 Mo. App. 252; McCauley v. Brady, 123 Mo. App. 558; Martin v. Teasdale, 212 Mo. 614. (3) The land described in the mortgage not being in the actual possession of any person, the right to foreclose the mortgage existed for twenty years after the maturity of the obligation it was given to secure. Eyermann v. Piron, 151 Mo. 116; Stockton v. Teasdale, 115 Mo. App. 248; Bumgardner v. Wealand, 197 Mo. 433. (4) Appellant, as indorsee and holder of the note, was the real *cestui que trust,* and the only party authorized by law to release the deed of trust or mortgage. Sec. 7094, R. S. 1889; Ewing v. Shelton, 34 Mo. 518; Bank v. Ins. Co, 145 Mo. 160. (5) The release deed executed by Nathan V. Barlow was 'without authority, as shown by the record, and did not operate as a release of the deed of trust or mortgage. Sec. 7094, R. S. 1889; Lakenan v. Robards, 9 Mo. App. 179; Joerdens v. Schrimpf, 77 Mo. 383; Bank v. Grew, 84 Mo. 478; Lee v. Clark, 89 Mo. 553; Hagerman v. Sutton, 91 Mo. 533; Bank v. Trame, 112 Mo. 514; Feld v. Roanoke Investment Co., 123 Mo. 603; Kelly v. Stead, 136 Mo. 430; Borgess Investment Company v. Vette, 142 Mo. 574; Bank v. Life Ins. Co., 145 Mo. 160.

*Frank H. Farris* and *A. L. Reeves* for respondent.

It must be conceded that the note and mortgage, not being barred at the time of the passage of the Act of 1891, now Secs. 4276 and 4277, R. S. 1899, the defense

of limitations raised by respondent must be ruled against her. Bumgardner v. Wealand, 197 Mo. 439. Respondent, however, rests her case upon the payment of the note. Where a mortgage security takes the form of a deed of trust, the legal title is vested in the trustee, and he is, therefore, the proper person to execute a release, but his authority is limited by the terms of the deed, and he cannot give a valid release without the payment of the debt secured or through performance of the condition of the trusts. 27 Cyc. 1417. It has been held in many jurisdictions that a release or entry of satisfaction made by the trustee, when the secured debt had not been paid, and when the act is not authorized by the holder of the obligation, will not discharge the lien of the trust deed as between the original parties, nor as to subsequent purchasers or encumbrancers who are chargeable with notice of the non-payment of the debt; but as to those who had no notice and relied on the title as shown by the record, whether as a purchaser from the mortgagor, or as a subsequent encumbrancer, the trustee's release would be effective both at law and in equity. Lennartz v. Quilty, 191 Ill. 174; Stiger v. Bent, 111 Ill. 328; Williams v. Jackson, 107 U. S. 478. The evidence was sufficient to warrant the finding of the court for defendant, on the theory that the debt secured by the mortgage has been paid and the lien on the land discharged. The note and mortgage were more than twenty years old. No interest is claimed to have been paid, and no recognition of the debt by any one, other than by the execution of the papers, for more than twenty years. A serious doubt arises if the note offered in evidence is the one described in the mortgage. The note in evidence recites that it draws interest from maturity; the mortgage recites the execution of five interest notes for $400 each, due in 1, 2, 3, 4, and 5 years, respectively. What has become of them? How could they be issued in conjunction with a note which would

draw no interest until after maturity? If they were issued and unaccounted for, the presumption is they were paid. If they were promptly paid at maturity, is not the presumption of payment of the note so strong that, when supported by the acknowledged statement of the trustee in a deed of release duly of record for years, sufficient to support a finding that the note was paid and the lien discharged in the absence of anything to the contrary? McNair v. Lott, 34 Mo. 285; Clapp v. Leavens, 164 Fed. 320; Cape Girardeau Co. v. Harbinson, 58 Mo. 96; Russell v Whitely, 59 Mo. 196; Chiles v. School District, 103 Mo. App. 243; Cobb v. Houston, 117 Mo. App. 648. The presumption of payment of a note from lapse of time is a question of fact and law to be determined by the court from all the evidence. Lewis v. Schorem, 93 Mo. 26; Pratte v. Coffman, 33 Mo. 71; Chappel v. Allen, 38 Mo. 223. A mortgage is discharged by the payment of the debt, though the discharge is not recorded. McNair v. Picotle, 33 Mo. 57; May v. Mortgage Co., 138 Mo. 452; R. S. 1889, secs. 7094 and 7095.

WOODSON, J.—This case originated in the circuit court of Crawford county, and had for its purpose the foreclosure of a deed of trust, conveying certain lands lying in said county, executed by Henry A. Morrison, to N. V. Barlow, trustee, to secure his promissory note, dated June 2, 1884, for the sum of $4,000, with ten per cent interest, payable to James Bauer, due and payable five years after its date.

The answer was a general denial, a plea of payment and the Statute of Limitations.

The reply was a denial of the new matter pleaded in the answer and the unconstitutionality of the statutes set up in bar.

A jury was waived, and the court found the issues for the defendant and entered judgment accordingly. In due time, and in proper form, the plaintiff appealed the cause to this court.

The facts of the case are few and they are practically undisputed. On June 2, 1884, Morrison executed his note to James Bauer for the sum of $4,000, due five years from date, with ten per cent interest from maturity. To secure the payment of said note said Morrison executed a deed of trust to Barlow as trustee on two hundred and eighty acres of land, situate in said county, which was duly recorded in the recorder's office. On January 1, 1885, Bauer, being the owner of said note and deed of trust, for a valuable consideration, assigned and delivered said note and deed to Arthur Hower, the plaintiff in this cause. Subsequently thereto Morrison conveyed the land to one John F. Richards, who in turn conveyed it to Ellen J. Erwin, the defendant herein, both of which deeds were made subject to the aforesaid note and deed of trust, and both were properly recorded. Said lands were wild and uncultivated and were not and had not been in the actual possession of any one since the date of the note and deed of trust. At the time of filing the suit, said note and the interest thereon were due and wholly unpaid.

On August 5, 1889, Barlow, the trustee in said deed of trust, executed a deed releasing said deed of trust, reciting therein that said note, both principal and interest, had been paid in full, which was filed for record August 8, 1899. Plaintiff objected to the introduction of this deed of release in evidence for the reason that there was nothing contained in the deed of trust which authorized him to make the release, which objection was, by the court, overruled, and plaintiff duly excepted. Plaintiff testified that he never authorized Barlow, the trustee, or anyone else to execute said deed of release.

At the request of defendant, and over the objection and exceptions of plaintiff, the court gave the following instructions:

"1. The court declares the law to be that the note, which is the foundation of this action, is barred by the Statute of Limitation, and that no valid judgment against the maker thereof, or any person who assumed the payment thereof can be had. And that no lien created on the land in dispute by any instrument of writing to secure the payment of said note can be enforced.

"2. The court declares the law to be that under the evidence plaintiff's cause of action is barred by the Statute of Limitation, and that plaintiff has no right to prosecute the action, and that judgment must be for the defendant."

I. The first question presented for determination is, did Barlow, the trustee in the deed of trust, executed by Morrison, conveying the land mentioned in the evidence to him to secure the payment of the note for $4,000, dated June 2, 1884, payable to Bauer, and by him endorsed before maturity to plaintiff, have authority to execute the deed of release, dated August 5, 1889, and recorded August 8, 1899?

The only evidence introduced upon that question, as disclosed by this record, was the testimony of appellant, and he testified positively and unequivocally that he did not authorize Barlow or any one else to release the deed of trust. So that must settle the matter against the contention of respondent, without the statute which was in force at that time authorized the trustee named in a deed of trust to release the same, without authority from the owner and holder of the note secured thereby.

The record discloses the fact that said deed of release was executed by Barlow on August 5, 1889, long after Bauer had negotiated the note, and, therefore,

Hower v. Erwin.

section 7094, Revised Statutes 1889, which governs such matters was then in force. That section reads as follows: "If any mortgagee, *cestui que trust* or assignee, or the executor or administrator of the mortgagee, *cestui que trust* or assignee, receive full satisfaction of any mortgage or deed of trust, he shall, at the request and cost of the person making the same, acknowledge satisfaction of the mortgage or deed of trust on the margin of the record thereof, or deliver to such person a sufficient. deed of release of the mortgage or deed of trust; but it shall not in any case be necessary for the trustee to join in such acknowledgment or satisfaction, or in such deed of release; and provided, further, that when any mortgage or deed of trust shall be satisfied by a deed of release, the recorder shall note on the margin of the record of such deed of trust the book and page where such deed of release is recorded. In case satisfaction be acknowledged by an assignee, the note or notes secured shall be produced and canceled in the presence of the recorder, who shall enter that fact on the margin of the record and attest the same with his official signature. . . . If such note or notes have been lost or destroyed, the assignee shall, before acknowledging satisfaction, make affidavit that he is the lawful owner thereof, that the same has been paid, but cannot be produced for the reason that it has been lost or destroyed, as the case may be, which affidavit shall be entered on the face or margin of the record, or be appended thereto."

Since the enactment of that statute, both this court and the Courts of Appeal have repeatedly held that neither the trustee named in a deed of trust executed to secure a promissory note, nor the assignor of such note could enter satisfaction of the mortgage debt. [Boatmen's Saving Bank v. Grewe, 84 Mo. 477; Feld v. Roanoke Inv. Co., 123 Mo. 603; Borgess Inv. Co. v. Vette, 142 Mo. 1. c. 574.]

We, must, therefore, hold that the deed of release offered and read in evidence was void, and should for that reason have been excluded as evidence in the case.

II. This brings us to the consideration of the only other question presented by this record for determination, and that is, was the deed of trust given to secure the $4,000 note sued on barred by the Statute of Limitations at the time of the institution of this suit?

The note and deed of trust were dated June 2nd, 1884, and the money was payable according to its terms five years from and after that date, which would make the note mature June 2, 1889, and under the Statute of Limitations as it then stood the note would not have been barred until June 2, 1899, and the deed of trust until June 2, 1909. This suit was begun June 16, 1904. But after the execution of this note and deed of trust the Legislature in 1891 passed an act, now sections 4276 and 4277, Revised Statutes 1899, which reads as follows: "Sec. 4276. No suit, action or proceeding under power of sale to foreclose any mortgage or deed of trust, executed hereafter to secure any obligation to pay money or property, shall be had or maintained after such obligation has been barred by the Statutes of Limitations of this State.

"Sec. 4277. Nor shall any such suit be had or maintained to foreclose any such mortgage or deed of trust heretofore executed to secure any such obligation after the expiration of two years after the passage of this act."

At the time of the trial of this case in the circuit court, this court had not construed those statutes, but since then this court and the Courts of Appeals have construed them contrary to the construction placed upon them by the trial court, as indicated by the two instructions given by it at the trial. The last expression of this court regarding this question was stated by

LAMM, J., in the case of Stockton v. Teasdale, 212 Mo. l. c. 614, which is as follows:

"Recurring to section 4276, supra, it in terms refers to mortgages 'executed hereafter.' The mortgage in question was not 'executed hereafter,' hence is not within that section. Recurring to section 4277, supra, it has been held that mortgages securing notes not barred at the time of the passage of the act are not within its intent and purview. That it covers only mortgages securing notes barred at the time the act took effect, and granted two years of grace in which to foreclose such mortgage. The note secured here was not barred at the time the act took effect, hence the mortgage securing it is without its provisions. The evil remedied by the act was to do away with the singular incongruity theretofore existing whereby a note was barred in ten years but the mortgage securing the same note ran for twenty years. Bumgardner v. Wealand, 197 Mo. 433; Stockton v. Teasdale, 115 Mo. App. 245; and McCauley v. Brady, 123 Mo. App. 558, interpret the statute as herein indicated. Nothing could be added to the cause of jurisprudence by restating the reasoning employed and the propositions asserted in those cases. They control the disposition of this one and the inquiring mind may find there the rule and reason exhaustively exploited and formulated."

The expressions of Judge LAMM in that case are equally applicable to the facts of this case. The note secured here was not barred at the time the act took effect, hence the deed of trust securing it is without its provisions. The evil remedied by the act was to do away with the singular incongruity theretofore existing whereby a note was barred in ten years, but the deed of trust securing the note ran for twenty years.

We are, therefore, of the opinion that the learned trial court erred in giving said instructions numbered one and two.

The judgment is reversed and the cause remanded with directions to enter judgment for the plaintiff for the amount of the note and interest due thereon, and that the same be declared to be a special lien upon the land described in the deed of trust, and that special execution issue thereon, as prayed for.

All concur.